62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 22 SANTA BARBARA DRIVE, RANCHO
PALOS VERDES, CALIFORNIA, Defendant,
and
Adaline B. Garcia; Darnell Garcia, Claimants-Appellants.
 No. 91-56184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Withdrawn From Submission Oct. 7, 1993.
Resubmitted May 4, 1995.
Decided Aug. 1, 1995.
 
 1
 Before: FLETCHER and D.W. NELSON, Circuit Judges, and WILL,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Darnell Garcia was indicated for conversion of government property in violation of 18 U.S.C. Sec. 641, conspiracy and possession with intent to distribute controlled substances in violation of 21 U.S.C. Sec. 841(a)(1), and two counts of money laundering in violation of 18 U.S.C. Secs. 1956(a)(1) and (a)(2). On June 13, 1989, at the same time that the government was attempting to extradite Garcia from Luxembourg to face the pending criminal prosecution, it commenced an in rem civil forfeiture action against property in Rancho Palos Verdes pursuant to 21 U.S.C. Sec. 881(a)(6). The government claimed that the property, which was owned by Garcia and his wife, Adaline Garcia, was purchased with proceeds from the illegal drug transactions which were the subject of the criminal prosecution. The civil forfeiture action was stayed pending resolution of the criminal proceeding, which resulted in a guilty verdict on April 16, 1991. On August 9, 1991, the district court granted judgment to the United States and ordered the substitute res from the interlocutory sale of the property transferred to the United States.
 
 
 4
 Although appellants have not raised the issue of double jeopardy, we consider it sua sponte. This court has held that a defendant cannot be punished in a civil forfeiture action subsequent to conviction in a criminal case, when the forfeiture action is based on the same violations of law. United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1218 (9th Cir. 1994) (finding that a narcotics trafficking civil forfeiture under 21 U.S.C. Sec. 881(a)(6) cannot be sustained in a separate proceeding subsequent to a narcotics trafficking conviction). Our decision in $405,089.23 U.S. Currency is directly dispositive of this case. Because Darnell Garcia was convicted on the criminal charges, we conclude that the Double Jeopardy Clause bars this separate and parallel proceeding, based on the same underlying offense, for civil forfeiture. Although the funds from the sale of the res have been transferred to the government, the funds may be returned to the Garcias pursuant to 28 U.S.C. Sec. 2465. See Republic Nat'l Bank of Miami v. United States, 113 S. Ct. 554, 560-61 (1992). For this reason, the judgment of the district court is reversed and the case is remanded with instructions to the district court to enter an order requiring the United States to return the monies received from the sale of the res and dismissing the civil forfeiture action with prejudice.
 
 
 
 *
 Honorable Hubert L. Will, Senior United States District Judge, Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3